THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00065-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSE HECTOR ALVARADO, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Sever Counts [Doc. 11].

**I.      PROCEDURAL BACKGROUND**

On May 18, 2017, the Defendant was charged in a Bill of Indictment with one count of transporting a minor in interstate commerce for the purpose of sexual activity, in violation of 18 U.S.C. § 2423(a) (Count One); one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count Two); and one count of illegal reentry into the United States after having been deported and removed, in violation of 8 U.S.C. § 1326(a) (Count Three). [Doc. 1]. The child exploitation offenses (Counts One and Two) are alleged to have occurred in this District on or about March 19, 2016. [Id.]. The illegal reentry

offense (Count Three) is alleged to have occurred in this District on or about March 19 and 20, 2016. [Id.].

On July 1, 2017, the Defendant filed the present motion, seeking to sever Count Three from Counts One and Two of the Bill of Indictment. [Doc. 11]. The Government opposes the Defendant's motion. [Doc. 13].

## II. ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Court may sever the charged offenses, however, if the joinder of such offenses "appears to prejudice" a party. Fed. R. Crim. P. 14(a).

The Fourth Circuit has recognized that "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012). The Court should grant a severance under Rule 14 "only if the defendant shows that requiring him to defend against the joined offenses in the same trial [would result] in 'clear

prejudice.'" United States v. Cardwell, 433 F.3d 378, 387-88 (4th Cir. 2005) (quoting United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995)); United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008) (stating that defendant seeking severance must make "a strong showing of prejudice" resulting from the joinder of offenses) (quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)).

Here, the charged offenses are properly joined under Rule 8(a). The child exploitation offenses charged in Counts One and Two are "connected with" the illegal reentry charge because the Defendant could not have committed these offenses without being present in the United States. Thus, the Defendant's illegal reentry and presence in the United States was a critical act leading to his commission of the offenses charged in Counts One and Two. See United States v. Brown, 744 F. Supp. 558, 563 (S.D.N.Y. 1990) (citing United States v. Cole, 857 F.2d 971 (4th Cir. 1988)).

In arguing for severance of Count Three, the Defendant argues that, "[g]iven our country's mood regarding immigration, it will be difficult for a jury to separate the alleged fact of illegal status from the facts" regarding the child exploitation counts. [Doc. 11 at 1-2]. Such argument, however, fails to establish any prejudice to the Defendant resulting from the joinder of all three counts. See United States v. Cavillo-Rojas, 510 F. App'x 238, 246 (4th Cir.

2013) (affirming district court's conclusion that a "general assertion that immigration is a highly-charged and highly-emotional issue" does not justify severance of charge of being illegal alien in possession of firearm from drug conspiracy charges) (internal quotation marks omitted).

The Defendant further argues that trying all three counts together would force him "to make a difficult choice of testifying to both or neither." [Doc. 11 at 2]. In so arguing, the Defendant relies on Cross v. United States, in which the D.C. Circuit Court of Appeals found that forcing a defendant who wishes to testify regarding one charge to testify as to both "constitutes prejudice within the meaning of Rule 14." 335 F.2d 987, 989 (D.C. Cir. 1964). The Defendant, however, makes no proffer as to which count he would elect to assert his privilege against self-incrimination. "Without some proffer by the defendant as to the testimony he might wish to present on one count, while not wishing to testify on the other, the district court [is] left with a guessing game." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) (affirming denial of motion for severance).

For all of these reasons, the Defendant's motion for severance of Count Three from Counts One and Two is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Sever Counts [Doc. 11] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 31, 2017

Martin Reidinger
United States District Judge