UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cr-00065-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOSE HECTOR ALVARADO, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the government's Motion to Require the Defendant to Supply Exemplars of Fingerprints. For cause, the government states that despite having previously taken defendant's fingerprints on two occasions, those exemplars are insufficient for determining whether his fingerprints are on an immigration form which is at issue. Specifically, the government proffers that a critical portion of the print, which would either support a match or defeat a match, is missing from the present exemplars. Defendant opposes the request and cites the previous times defendant's prints have been taken.

While the taking of fingerprint exemplars raises no concerns under the Fifth Amendment, Schmerber v. California, 384 U.S. 757, 763 (1966), the Court is concerned that motions seeking what is essentially discovery in the days immediately preceding trial detract from trial preparation by the parties and by the Court. Put another way, the Court is perplexed as to why it took the state crime lab until some undisclosed date on or after September 18 to discover the need. Equally perplexing is why it took the government until October 24 (which is on the eve of this Court's departure for the Fourth Circuit as disclosed to the parties last week) to bring the need to the

1

Court's attention.  As soon as defendant refused to submit to additional fingerprints, the government should have moved to compel the production.

Setting aside those concerns, the Court has determined that the relief sought is both just and equitable as it furthers the public's compelling interest in a fair trial ending in a just judgment. Wade v. Hunter, 336 U.S. 684, 689 (1949).  If there is evidence that defendant's fingerprints *are* on a form he may claim not to have executed, the jury should have that information; likewise, if there is evidence that defendant's fingerprints *are not* on that form, the jury should also have that information.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Require the Defendant to Supply Exemplars of Fingerprints (#31) is **GRANTED**, and the government is permitted to take and defendant is compelled to provide to submit to the additional taking of fingerprints.

Signed: October 24, 2017



Max O. Cogburn Jr.
United States District Judge