**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00265-MOC
(1:17-cr-00065-MOC-WCM-1)**

| | |
|---|---|
| **JOSE HECTOR ALVARADO,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 2] and Petitioner's Motion to Proceed in Forma Pauperis [Doc. 3].

**I.    BACKGROUND**

On May 18, 2017, Pro Se Petitioner Jose Hector Alvarado ("Petitioner") was charged in a Bill of Indictment with one count of traveling with minors in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(a) (Count One); one count of traveling in interstate commerce for the purpose of engaging in any illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), all in violation of 18 U.S.C. § 2423(b) (Count Two); and one count of being an alien having entered the United States unlawfully after having been deported from the United States, all in violation of 8 U.S.C. § 1326(a) (Count Three). [Criminal Case No. 1:17-cr-00065-MOC-WCM ("CR"), Doc. 1: Indictment]. Petitioner was charged in a Superseding Indictment on August 16, 2017 with the same three counts. [CR Doc. 17: Superseding Indictment].

On October 25, 2017, Petitioner and the Government entered into a Plea Agreement. [CR Doc. 35: Plea Agreement]. On October 26, 2017, an Amended Plea Agreement was filed. [CR

Doc. 36: Amended Plea Agreement]. An Amended Factual Basis was also filed. [CR Doc. 37: Amended Factual Basis]. The Amended Factual Basis sets forth, among other things, a verbatim Facebook Messenger chat exchange between Petitioner and one of his underage victims (whose mother Petitioner was dating) in which he clearly propositions the victim for sex in exchange for agreeing to transport the minor victims across state lines to attend a party.[1] [Id. at 3-4].

Petitioner agreed to plead guilty to Count Two in the Superseding Indictment and the Government agreed to dismiss the remaining charges in the Superseding Indictment. [Id. at 1]. The same day, Petitioner pleaded guilty in accordance with the Amended Plea Agreement. [CR Doc. 38: Acceptance and Entry of Guilty Plea]. A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the indictment and discussed it with his attorney. [Id. at ¶ 8]. The Court then explained the charge and the maximum sentence for this charge, which for this charge was not more than 30 year's imprisonment, 18 U.S.C. § 2423(b). [Id.]. Petitioner then told the Court that he fully understood the charge against him, including the maximum penalty he faced. [Id. at ¶ 9]. The Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may receive a sentence higher or lower than that called for in the Guidelines. [Id. at ¶¶ 13, 15]. The Petitioner also attested that he understood that the District Judge could not determine the applicable Guidelines range until after Petitioner's Presentence Report was prepared. [Id. at ¶ 14]. The Petitioner also told the Court that he understood that if his sentence is more severe than Petitioner expected, the Petitioner will still be bound by his plea and would have no right to withdraw it. [Id. at ¶ 17]. The Petitioner

---

[1] The minor victims later told authorities they never intended to have sexual relations with Petitioner, but merely "played" him to get a ride to their destination. [CR Doc. 37 at ¶ 4].

2

stated, under oath, that he is in fact guilty of the count in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

The Petitioner also told the Court that he was aware that a Factual Basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 30-1]. Petitioner stated that no one had threatened, intimidated, or forced him to enter his plea of guilty. [Id. at ¶ 32]. Petitioner also statement that, other than the terms of his plea agreement, no one made him promises of leniency or a lighter sentence to induce him to plead guilty. [Id. at ¶ 32]. Finally, Petitioner told the Court that he was "satisfied with the services of [his] lawyer in this case." [Id. at ¶ 35].

Prior to Petitioner's sentencing hearing, a probation officer prepared a Presentence Report. [CR Doc. 44]. Based on a Total Offense Level of 28 and a Criminal History Category of II, the probation officer found a guideline imprisonment range of 87 to 108 months. [Id. at ¶ 81]. At Petitioner's sentencing hearing on August 2, 2018, the Court affirmed the Magistrate Judge's findings and acceptance of the Petitioner's guilty plea. [CR August 2, 2018 docket entry]. The Court entered a verdict and judgment of guilty. [CR Doc. 47: Judgment]. The Court sentenced Petitioner to a term of 78 months' imprisonment, [Id. at 2], which resulted from the Court granting Petitioner's motion for a downward variance of one offense level from the guideline range because Petitioner pleaded guilty and thereby avoided putting the victims through a trial. [CR Doc. 48 at 3: Statement of Reasons].

On September 16, 2019, Petitioner filed the pending Section 2255 motion to vacate. [Doc. 1]. On the same day, Petitioner also filed a notice of appeal from his conviction to the Fourth Circuit Court of Appeals. [CR Doc. 50]. In his Section 2255 motion, Petitioner claims his counsel was ineffective because his counsel promised Petitioner that, if Petitioner pleaded guilty, Petitioner

would receive a sentence of only 51-months' imprisonment.[2] Petitioner states that he "took the plea agreement, based on the promise of his counsel…." [Doc. 1 at 8-9, 11]. In his motion to vacate, Petitioner also claims to be innocent of the charge and that the case "was only a clear sham." [Doc. 1 at 2].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

---

[2] Petitioner's motion to vacate states two different sentences Petitioner expected to receive if he pleaded guilty. In one part, he claims that he decided to accept the Government's offer of a 57-month sentence "to get done with this matter." [Doc. 2 at 5]. Later, Petitioner claims that his attorney "guaranteed" Petitioner a 51-month sentence if he agreed to plead guilty. [Doc. 2 at 8].

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Further, a petitioner must show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior

constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Petitioner contends his attorney was ineffective because his attorney "guaranteed" that Petitioner would receive a sentence of 51 months' imprisonment if Petitioner were to plead guilty and Petitioner pleaded guilty based on that promise. Petitioner's contention that his attorney promised Petitioner a 51-month sentence if Petitioner pleaded guilty is belied by Petitioner's sworn representations during the plea proceedings that he understood the charge and the maximum penalty; that he understood the sentencing judge could not determine the applicable Sentencing Guidelines until after Petitioner's Presentence Report was prepared; that he was not threatened, intimidated, or forced to plead guilty; that, other than his Plea Agreement, no one made him any promises of leniency or a light sentence; that he was in fact guilty of the offense; and that he was satisfied with his attorney's performance. [CR Doc. 38]. Petitioner has not alleged or shown extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing. See Lemaster, 403 F.3d at 221-22. Accordingly, his claim of ineffective assistance on this issue is without merit.

Additionally, although Petitioner alleges that he pleaded guilty based on his attorney's promise of a 51-month sentence, he does not show that proceeding to trial would have been

objectively reasonable.  See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).  Thus, this claim also fails because he has not adequately alleged or shown prejudice.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance and prejudice; therefore, his ineffective assistance claim is denied.

With respect to Petitioner's motion to proceed in forma pauperis, a motion to vacate does not require a filing fee; therefore, in forma pauperis status is not necessary to proceed with this case and Petitioner's motion will be denied as moot.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 2] is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis [Doc. 3] is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 25, 2019

Max O. Cogburn Jr.
United States District Judge